**ZWACK et al. v. KRAUS BROS. & CO., Inc.**

United States District Court
S. D. New York.
April 11, 1951.

See also, D.C., 93 F.Supp. 963.

720

Riegelman, Strasser, Schwarz & Spiegelberg, New York City, for plaintiffs.

Clarence P. Greer, New York City (Wolf, Popper, Ross & Wolf, New York City, of counsel), for defendant.

RYAN, District Judge.

Plaintiffs move for a preliminary injunction restraining the defendant, its servants, agents and employees during the pendency of this action from purchasing, buying, selling or distributing any alcoholic beverages bearing the name of Zwack, J. Zwack & Co., J. Zwack and Zwack, J., or bearing the distinctive labels, bottles, packages or tags of J. Zwack & Co.

The action is brought by John and Bela Zwack on behalf of J. Zwack & Co., a Hungarian partnership which manufactures and distributes alcoholic beverages under the above enumerated trademarks, all of which are registered in the United States Patent Office.

The complaint, so far as here relevant, asserts: plaintiffs were co-partners in business and manufacturers, producers and distributors of alcoholic beverages under the firm name of J. Zwack & Co.; the name of plaintiffs and their distinctive bottles and labels are well-known to the general public. In 1933, plaintiffs entered into an agreement with defendant, whereby the latter was granted an exclusive franchise to distribute and sell the products made by plaintiffs in the United States. In 1938, pursuant to plaintiffs' request, defendant applied for and secured trademarks registering the names in the Patent Office and has held such trademarks for the benefit of plaintiffs. Thereafter, in November, 1948, the Communist Government of Hungary, by force, seized and confiscated without compensation plaintiffs' factory in Hungary. Although immediately notified by defendant of this seizure and requested to discontinue the use of the trade name and marks and to assign these to plaintiffs, the defendant refused to do so, and instead has continued to import alcoholic beverages from the Communist Government of Hungary.

In its answer, defendant denies most of the essential allegations of the complaint. In particular, it denies that the Zwack factory was confiscated by the Hungarian Government and asserts that it was voluntarily sold to that government by plaintiffs' partnership. Affidavits by Bela and Dora Zwack have been submitted in support of this version; these state that Bela Zwack has continued to manage the business as an employee of the present Hungarian Government, and they register strong objection to the commencement and continuance of this action.

■■ Important issues of fact are thus raised by the pleadings and affidavits, resolution of which must await trial. Closely intertwined with these are questions of law, which cannot be determined until the factual issues have been resolved. The court cannot now determine on the facts revealed that plaintiffs will ultimately prevail, as it must be able to do to justify the granting of the relief here sought. See, United States v. Weirton Steel Co., D.C. 1934, 7 F.Supp. 255, 264.

Plaintiffs have made no convincing showing that irreparable harm will result if a temporary injunction does not issue. There is no allegation that the products now being imported under the Zwack trade name are qualitatively inferior to the normal

Zwack product, nor is there any showing that defendant will be unable to respond in damages should plaintiffs prevail. Motion for temporary injunctive relief is denied.